IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:09-CV-193-RJC-DCK

| | |
|---|---|
| SYLVIA JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's "...Motion For Summary Judgment" (Document No. 11) filed October 9, 2009; and Defendant Commissioner's "Motion For Summary Judgment" (Document No. 17) and "Defendant's Memorandum In Support Of The Commissioner's Decision" (Document No. 18), filed November 5, 2009. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the motions are ripe for disposition.

After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "...Motion For Summary Judgment" be <u>denied</u>; Defendant's "Motion for Judgment on the Pleadings" be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

### I. BACKGROUND

*Pro se* Plaintiff Sylvia A. Jackson ("Plaintiff"), seeks judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. On October 19, 2004, Plaintiff filed an application for SSI, alleging an inability to work due to a disabling condition beginning July 1, 2003. (Transcript of the Record of Proceedings ("Tr.") 16, 51-53). The

Commissioner of Social Security ("Commissioner" or "Defendant") denied Plaintiff's application initially on January 5, 2005, and again after reconsideration on April 1, 2005. (Tr. 16). Plaintiff filed a timely written request for a hearing on May 9, 2005. (Tr. 45). On July 12, 2007, Plaintiff appeared and testified at a hearing before Administrative Law Judge Clinton C. Hicks ("ALJ"). (Tr. 16). On or about October 28, 2007, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 13, 29).

Plaintiff filed a request for review of the ALJ's decision on or about March 31, 2008, which was denied by the Appeals Council on March 31, 2009. (Tr. 11-12, and 5-7). The October 28, 2007 ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (Tr. 6).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on May 11, 2009. (Document No. 1). The pending motions are now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than

2

create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between October 19, 2004, and the date of his decision.[1] To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) quoting 42 U.S.C. § 423(d)(1)(A).

On October 28, 2007, the ALJ concluded that Plaintiff was not "disabled" at any time between October 19, 2004, and the date of his decision. (Tr. 24). The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. (20 C.F.R. § 404.1520(a)). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

(20 C.F.R. § 404.1520(a)(4)(i-v)). In this case, the ALJ determined at the fourth step that the Plaintiff was not disabled because she "retains the residual functional capacity to perform her past relevant work." (Tr. 24).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since October 24, 2004, the application date. (Tr. 18). At the second step, the ALJ found that Plaintiff's depression and diminished intellectual functioning were severe impairments. (Tr. 18).[2] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 19-20).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to

> perform work at all exertional levels which requires following simple instructions, which requires limited persistence and concentration, and which requires the performance of simple, routine, repetitive tasks.

(Tr. 21). In making his finding, the ALJ considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSRs 96-4p and 96-7p. (Tr. 21). The ALJ also considered opinion evidence in accordance with the requirements of 20 CFR 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p. (Tr. 21).

At the fourth step, the ALJ found that Plaintiff could perform her past relevant work as a housekeeper. (Tr. 24). Specifically, the vocational expert ("VE") testified that according to the factors given by the ALJ, that Plaintiff could perform her prior jobs as a housekeeper, which was "light 'unskilled' work." (Tr. 24). At the fifth and final step, the ALJ also found based on the testimony of a vocational expert, that other jobs existed in the national economy that a person with Plaintiff's "vocational profile and residual functional capacity" could perform. (Tr. 24). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between October 19, 2004, and the date of his decision, October 26, 2007. (Tr. 24).

Plaintiff on appeal to this Court is proceeding *pro se* and has failed to file a proper motion and memorandum in support. (Document Nos. 11-12). Plaintiff's filing does not include a written brief, but instead is comprised of a series of exhibits, including a statement apparently intended for

the Court. (Document No. 11, pp.8-11). Liberally construing the *pro se* Plaintiff's papers, she makes the following assignments of error: (1) the ALJ's decision is not supported by substantial evidence; and (2) Plaintiff is entitled to a sentence six remand. (Document No. 11). The undersigned will discuss these contentions in turn.

### A. ALJ's Decision Support By Substantial Evidence

In her first assignment of error, Plaintiff contends that the Commissioner's "denial at step four is improper and cannot be upheld." (Document No. 11, p.6). Plaintiff's initial contention is that the ALJ did not consider Plaintiff's past work to be substantial gainful activity, and therefore, it is improper to conclude that she can return to her past relevant work. The undersigned does not find that the evidence clearly precludes the ALJ's decision. The ALJ opined in pertinent part, "[a]lthough the claimant's earnings record indicates that most of her earnings were not presumptive of substantial gainful activity she was able to hold a number of jobs and worked as a cashier for 2 years." (Tr. 20). The Plaintiff's conclusory argument that the ALJ did not consider Plaintiff's past work to be substantial gainful activity does not appear to be a fair representation of the record.

Next, Plaintiff contends that the work of a housekeeper requires dealing with people and that Plaintiff's limitations preclude her from "any work that required dealing with people." Id. The evidence of record, including the testimony of the VE, supports the ALJ's finding that Plaintiff could perform her past relevant work as a sandwich maker and housekeeper. (Tr. 435-36). It appears that the ALJ relied on substantial evidence in making his determination and that Plaintiff's conclusion that she could not do any work dealing with people is inaccurate based on that evidence.

In the alternative, even if Plaintiff could not perform her past relevant work, the ALJ also relied on the VE testimony in noting that there are additional jobs in the national economy within

Plaintiff's abilities. (Tr. 24). The VE specifically described several jobs in significant numbers in the national economy that Plaintiff could perform: laundry worker, garment sorter, fruit distributor, hospital cleaner, and hand packager. (Tr. 436-37). See Wilson v. Califano, 617 F.2d 1050, 1053 (4 Cir. 1980)(vocational expert testimony may provide "substantial evidence " for purposes of the final step of the requisite disability analysis). Vocational experts "have, through training and experience in vocational counseling or placement, an up-to-date knowledge of job requirements, occupational characteristics and working conditions, and a familiarity with the personal attributes and skills necessary to function in various jobs." Id.

Based on the foregoing, it is apparent that the ALJ relied on substantial evidence in reaching his decision that the Plaintiff is not disabled.

### B. Sentence Six Remand

Plaintiffs numerous exhibits, including her apparent letter to the Court dated September 16, 2009 (Document No. 11 at pp.8-11), and her Appeals Council brief (Document No. 4-7), further suggest that Plaintiff now contends that new and material evidence should be considered. In essence, Plaintiff is requesting a remand of her case under sentence six of the Social Security Act, 42 U.S.C. § 405(g).

> The district court may order a sentence-six remand in two situations: "where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." Schaefer, 509 U.S. at 297 n.2. With regards to sentence-six remands, the Seventh Circuit has explained:
>
>> The prototype of a sentence six remand would be a case in which relevant new evidence had come to light since the agency's decision under appeal, and the parties asked the district court to remand the case to allow the agency to consider the case further in light

> of new evidence, so that when the appeal resumed the court would have the benefit of the agency's consideration of all the relevant evidence.
>
> Richmond, 94 F.3d at 268.

Holley v. Astrue, 2010 WL 3245546 at *3 (E.D.N.C. Aug. 17, 2010).

> "Evidence is new within the meaning of this section if it is not duplicative or cumulative." Wilkins v. Secretary, Department of Health and Human Services, 953 F.2d 93, 96 (4th Cir.1991) (citations omitted). "Evidence is material if there is a reasonable probability that the new evidence would have changed the outcome." Id. (citing Borders v. Heckler, 777 F.2d 954, 956 (4th Cir.1985)). The new evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Plaintiff, as the movant, has the burden of demonstrating that a remand is appropriate given any new and material evidence.

Meadows v. Astrue, 2010 WL 1380117 at *3 (S.D.W.Va. Mar. 31, 2010). The undersigned does not find that Plaintiff has met her burden of demonstrating that the evidence she wishes to be considered is new and material, and/or that she has shown good cause for not previously presenting such evidence.

First, Plaintiff has attached a page from a Freeport Public Schools Special Education Review, dated June 22, 1982, that is not new as it was previously submitted to the Appeals Council. (Document No. 11, p.13; Tr. 372). Next, Plaintiff attached a "Verification Of Disability Handicap" from Dr. Ellis, dated May 18, 2009. (Document No. 11, pp.14-15). Although arguably new, the evidence must also be material such that there is a reasonable possibility that the new evidence would have changed the outcome. Wilkins, 953 F.2d at 96. New evidence that merely demonstrates the worsening of Plaintiff's condition, as does this attachment, is not material as to whether Plaintiff

8

was disabled at the time of the Commissioner's decision. Barnard v. Secretary of Health and Human Services, 515 F.Supp. 690, 694 (D.Md. 1981).

Plaintiff has also submitted Neuropsychological Evaluations reports from March 29, 1994, December 20, 1995, and January 18, 2008. (Document No. 11, pp.16-37). The 1994 and 1995 reports do not meet the definition of new evidence, however, as they were available long before the ALJ's consideration of this matter. Furthermore, Plaintiff has not set forth good cause for her failure to previously submit these documents. As for the 2008 report, the Plaintiff has not explained why this information was not provided to the Appeals Council prior to its March 31, 2009 decision. See Waite v. Bowen, 819 F.2d 1356, 1361-1362 (7th Cir. 1987)(evidence precluded where good cause not shown for failing to incorporate in prior proceeding).

Plaintiff has further submitted two notes from Dr. Hanley, dated February 28, 2007 and March 28, 2007. (Document No. 11, p. 38). These also fail to constitute new evidence, and no good cause has been shown for why they were not submitted to the ALJ. Also attached are notes or prescriptions from the Behavioral Health Center and Carolinas Rehabilitation specialists that appear to be dated November 15, 2007 and December 20, 2007, respectively. (Document No. 11, pp. 39-40). It is difficult to discern what these exhibits represent and Plaintiff has offered no explanation or argument as to their value and/or why they were not supplied to the Appeals Council. Plaintiff also attached a "Disability Statement" signed by Dr. Ellis, on or about May 20, 2009. (Document No. 11, p.41). This exhibit is not material as it relates to a period after the ALJ's decision and appears to describe a six month period of disability. Pursuant to the Social Security Act, disability involves "any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for **a continuous period of not less**

**than 12 months**.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) quoting  42 U.S.C. § 423(d)(1)(A)(emphasis added).

Finally, Plaintiff has also provided a page that appears to be part of a report on mental or emotional functioning.  (Document No. 12, p.3).  This report fails to meet the materiality standard as it is not signed or dated, and does not appear to support a claim of disability.  Id.

Plaintiff's statements and exhibits, even construed liberally in recognition of her *pro se* status, do not support a claim for remand.  Furthermore, substantial evidence appears to support the weight given by the ALJ to the record and his subsequent findings.

## IV.  CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "...Motion For Summary Judgment" (Document No. 11) be **DENIED**;  Defendant Commissioner's "Motion For Summary Judgment" (Document No. 17) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**.

## VI. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for Defendant, and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: September 29, 2010

David C. Keesler
United States Magistrate Judge