# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09-cv-193-RJC

| | |
|---|---|
| SYLVIA JACKSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of )<br>Social Security Administration, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court sua sponte and upon its previous Order reopening this case. (Doc. No. 40). Due to the relative infrequency of sentence six remand cases, it appears there is no formalized procedure in this district through which to posture these cases for evaluation by the Court. Therefore, the Court will set forth the procedure for the parties to follow in this case, in which the Commissioner has not made a decision fully favorable to Plaintiff after a sentence six remand.

## I. BACKGROUND

On May 11, 2009, Plaintiff Sylvia Jackson commenced this action challenging the Commissioner of Social Security's denial of her application for benefits. (Doc. No. 1). On October 22, 2010, this Court entered an Order denying Plaintiff's Motion for Summary Judgment and affirming the Commissioner's decision. (Doc. No. 24). Plaintiff appealed this Order, (Doc. No. 26), and the Fourth Circuit remanded Plaintiff's case to this Court pursuant to "sentence six" of 42 U.S.C. § 405(g) on February 23, 2012, (Doc. No. 34). In accordance with the Fourth Circuit's judgment and mandate, this Court remanded the case to the Commissioner

for consideration of new and material evidence on April 23, 2012. (Doc. No. 36).

On March 9, 2015, the Commissioner filed a Motion to Reopen this case stating that the proceedings on remand had been concluded. (Doc. Nos. 38, 39). The Court granted that motion and reopened the case on November 23, 2015. (Doc. No. 40). The Court interprets the Commissioner's motion as indicating that the Commissioner's decision on remand was not fully favorable to Plaintiff. On December 16, 2015, Plaintiff, proceeding pro se, filed a miscellaneous document that appears to be a compilation of medical records from 2013 through 2015. (Doc. No. 41). The Court interprets this filing as indicating Plaintiff's intention to further pursue this case and challenge the Commissioner's decision.

## II. DISCUSSION

The Court retains jurisdiction to review the Commissioner's decision on remand under sentence six of § 405(g). Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). Following a rehearing, the Commissioner must modify or affirm the findings of fact or the decision, or both, and file the findings of fact or decision with the Court. 42 U.S.C. § 405(g). In any case in which the Commissioner issues a decision that is not fully favorable to the plaintiff, the Commissioner must also file "a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based." Id.

As such, the Commissioner is directed to file and serve a supplemental administrative record on which the decision is based within thirty (30) days of entry of this Order. The filing of the record will then trigger the briefing schedule contemplated by Local Civil Rule 7.1(E) and this district's General Administrative Social Security Briefing Order. (Case No. 3:13-mc-198, Doc. No. 1). Specifically, within sixty (60) days after the Commissioner serves the supplemental administrative record, Plaintiff shall file and serve a motion for summary judgment and

supporting memorandum.[1] Within sixty (60) days after Plaintiff serves her motion for summary judgment, the Commissioner must file and serve a motion for summary judgment and supporting memorandum. Within fourteen (14) days after the Commissioner serves her motion for summary judgment, Plaintiff shall be permitted to file and serve a reply memorandum.[2]

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Within **thirty (30) days** of entry of this Order, the Commissioner must file and serve a supplemental administrative record on which the decision is based.

2. The filing of the supplemental record shall trigger the Clerk of Court to enter a Social Security Scheduling Order as contemplated by the Court's General Administrative Social Security Briefing Order. (Case No. 3:13-mc-198, Doc. No. 1). Plaintiff shall have **sixty (60) days** from the filing of the record within which to file her motion for summary judgment and supporting memorandum. The Commissioner shall have **sixty (60) days** from the filing of Plaintiff's motion within which to file her motion for summary judgment and supporting memorandum. Plaintiff may then file a reply brief, if necessary, within **fourteen (14) days** of the filing of the Commissioner's motion.

3. The Clerk of Court is directed to mail this Order to Plaintiff and to include a copy of the Court's General Administrative Social Security Briefing Order. (Case No.

---

[1] Plaintiff's memorandum of law shall provide the information and be organized as directed in the Court's General Administrative Social Security Briefing Order. (Case No. 3:13-mc-198, Doc. No. 1), available at http://www.ncwd.uscourts.gov/sites/default/files/general-orders/SSBriefingOrder.pdf.

[2] Such reply shall be limited to five (5) pages and may only address issues raised for the first time in the Commissioner's motion and memorandum.

3:13-mc-198, Doc. No. 1).

Signed: March 11, 2016

Robert J. Conrad, Jr.
United States District Judge